Mr. Justice Bay
delivered the opinion of the court:
In October term, 1821, the petitioners case came before the court in the common and usual manner, and a motion was made for his discharge. Upon exhibiting his schedule in the common form, a motion was made by Mr. Clarke to send the case to the jury on the ground of fraud. A number of grounds were suggested as indicative of fraud on the part of the insolvent debtor; but among them all, only one of the allegations was supported by legal affidavits ; namely, that the insolvent debtor was charged with being interested and concerned in a grocery store, and his interest in it was not included in the schedule rendered ill by him. Upon this ground, the court was induced to order it to be sent to a jury to try the point of fraud for not including it in his schedule; but before the final order was entered, the Attorney General moved on behalf of the pe~ *65 litioning debtor for leave to amend his schedule, and to insert all his interest, right and claim, (if any he had) in the said grocery store, so as to givé the creditor the fullest benefit of the same. The court upon this motion, as it had been the practice of the court from time immemorial, to allow this indulgence in all cases of omissions or mis'takes, in the conduct of insolvent debtors, who from ignorance or inadvertency, had omitted to insert things in their schedules, which the creditors had the least shadow of right to expect to be transferred, allowed the schedule to be amended, by inserting all the defendant’s right, title, and interest in and( to the said store in his said schedule for the benefit of his creditor to the fullest extent; upon which, the Attorney General and Mr. Simons moved that the petitioning debtor should be allowed the benefit of the act, and be discharged. This was opposed again by Mr. Clarke, still insisting' that all his allegations of fraud should be sent to the jury ; but the court overruled them and permitted the insolvent debtor to swear out under the act, upon the ground, that the necessity of sending that point relating to the grocery store,'was superseded by the voluntary insertion of his right and interest in it in his schedule. And upon the further ground also, that as to the other allegations of fraud alleged, unless supported by the affidavits of-indifferent and disinterested persons, the court would never send them to a jury, as was determined in the case of Bingly vs. Smart, (1 McCord’s Rep. 29,) upon mere exparte allegations of the creditor opposing the discharge. From this order of the court below, there has been an appeal to this tribunal, where the Case has been very warmly and strenuously argued to rescind the decision in the Court of Common Pleas in October last; when, after a patient hearing and full consideration of the case, the Judges are of opinion that the motion should be refused, for the reasons urged in the course of the investigation in the court below; namely, that wherever an insolvent debtor has through ignorance or a mistaken idea of his rights or inadvertency, omitted to insert; *66 in his schedule those things which the creditors have a legal right to, and which he can convey over, and he is willing and consents to make an amendment to his schedule rendered in, according to the very right and justice of the case, the court before whom he applies for his discharge ought to release him; and further, that such amendment, agreeably to the justice of the case, supersedes the necessity of sending such a case to the jury to try a fraud which has been removed by such voluntary amendments ; and further, that the prison rules or bounds, within which an insolvent debtor has been confined, are to be considered the same as being within the prison walls or within the body of the gaol.
Clarke and Hunt, for the motion.
Simons, cóntra.
Justices Colcock, Nolt, Huger, Richardson and Johnson, concurred.